AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
v.
EVANGELOS GERASIMOU

## JUDGMENT IN A CRIMINAL CASE

Case Number: CR04-00790 (CBA)

USM Number:

Salvatore Marinello, Esq. (AUSA Winston Chan)
Defendant's Attorney

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 1 4 2005 ★
P.M. _____
TIME A.M. _____

**THE DEFENDANT:**

X pleaded guilty to count(s) __2 of Indictment__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:1344 | Bank fraud, a Class B felony. | 4/03 | 2 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) __1__ X is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 1, 2005
Date of Imposition of Judgment

/s/
Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

June 9, 2005
Date

DEFENDANT: EVANGELOS GERASIMOU
CASE NUMBER: CR04-00790 (CBA)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

8 months

X  The court makes the following recommendations to the Bureau of Prisons:
The defendant shall be incarcerated at a facility in the northeast region.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

X before 2 p.m. on  July 29, 2005 .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: EVANGELOS GERASIMOU
CASE NUMBER:

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: EVANGELOS GERASIMOU
CASE NUMBER: CR04-00790 (CBA)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 712,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Ticor Title Insurance
Attn: Matthew L. Rini
711 Third Ave., 5th Fl.
NY, NY 10017 | | $81,498.25 | Restitution to be paid immediately. |
| St. Paul Travelers Insurance
Attn: Ms. Nilda Negron
One Tower Aq., #4PB
Hartford, CT 06183 | | $630,501.75 | |

TOTALS  $ _____  $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

DEFENDANT: EVANGELOS GERASIMOU
CASE NUMBER: CR04-00790 (CBA)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

EVANGELOS GERASIMOU,

    *Defendant.*

CONSENT ORDER OF FORFEITURE

No. 04-CR-0790 (CBA)

(Amon, J.)

**ORIGINAL**

WHEREAS, in the Forfeiture Allegation of the Indictment in the above-captioned case the United States sought forfeiture pursuant to 18 U.S.C. § 982, of all property involved in the violation of 18 U.S.C. § 1344 alleged in Count Two of the Indictment, and/or any property traceable to such property, based upon the defendant, EVANGELOS GERASIMOU, having knowingly and intentionally executed a scheme and artifice to defraud a financial institution, to wit: Fleet, and having obtained money, funds, and credit owned by and under the custody and control of Fleet by means of materially false and fraudulent pretenses, representations, and promises; and

WHEREAS, on November 16, 2004, pursuant to the defendant's cooperation agreement with the Government in the above-captioned case, the defendant pled guilty to and was convicted of Count Two of the Indictment as alleged, to wit, the knowing and intentional execution of a scheme and artifice to defraud a financial institution, in violation of 18 U.S.C. § 1344; and

WHEREAS, Defendant has waived his right to have the jury which convicted him determine the Forfeiture Allegation of the indictment; and

WHEREAS, pursuant to the defendant's cooperation agreement, the defendant CONSENTS and AGREES to the entry of a forfeiture money judgment against him in the sum

of $100,000.00 in United States currency (the "Forfeiture Money Judgment"), and CONSENTS and AGREES to forfeit to the United States the sum of $100,000.00 in United States currency in fulfillment of the Forfeiture Money Judgment; and

WHEREAS, as a result of the conviction of the defendant on Count Two of the Indictment, the defendant and the United States now desire to resolve the Forfeiture Allegation of the Indictment in its entirety –

IT IS NOW, HEREBY, ORDERED, ADJUDGED, AND DECREED, on consent of all parties hereto, as follows:

1. Pursuant to 18 U.S.C. § 982, the defendant, EVANGELOS GERASIMOU, shall forfeit to the United States all of his right, title, and interest in the sum of $100,000 in United States currency ("the Forfeited Funds"), and this Court hereby enters judgment in favor of the United States and against the defendant in that amount ("the Forfeiture Judgment").

2. On or before the date of sentencing, the defendant shall tender the Forfeited Funds to the United States by electronic wire transfer to the account of the United States Marshals Service, ABA number 021030004 and ALC number 00008153, at the Federal Reserve Bank, 33 Liberty Street, New York, N.Y., and shall remit same-day written confirmation of such transfer by fax to the attention of Assistant United States Attorney F. Franklin Amanat, at (718) 254-6081, and by overnight express mail delivery to Linda Rudolph, Property Management Specialist, United States Marshals Service, 225 Cadman Plaza East, Brooklyn, New York 11201.

3. The failure of defendant EVANGELOS GERASIMOU to pay the Forfeiture Judgment in full by the date specified in the preceding paragraph shall constitute a material breach of this Order and shall entitle the United States to take possession and custody of any assets owned by Evangelos Gerasimou to the extent necessary to satisfy the Forfeiture Judgment,

and to take all other actions permitted by law to collect the full amount owed by defendant Evangelos Gerasimou. In accordance with Fed. R. Crim. P. 32.2, in the event the Forfeiture Judgment is not satisfied in full on or before the date specified in the preceding paragraph, the government is hereby authorized to conduct, after that date, any discovery necessary to identify, locate, or dispose of any and all properties necessary to satisfy the Forfeiture Judgment, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties.

4. Upon entry of this Order, the United States Attorney General, or his designee, including but not limited to the United States Marshals Service, is authorized to seize the Forfeited Funds, and the United States Attorney General, or his designee, is authorized to conduct any discovery necessary to identify or dispose of the Forfeited Funds in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third-parties, including giving notice of this Consent Order of Forfeiture.

6. Any person, other than the defendant, asserting a legal interest in the Forfeited Funds must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Funds, and for an amendment to this order, pursuant to Fed. R. Crim. P. 32.2(c).

7. Any petition filed by a third-party asserting an interest in the Forfeited Funds shall (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent

of the petitioner's right, title or interest in the Forfeited Funds; and (iii) any additional facts supporting the petitioner's claim and relief sought.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

9. If no third party files a timely claim, the Court shall enter a Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), giving the United States clear title to the Forfeited Funds.

10. In the event any third-party files a timely claim, upon adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture in which all interests will be addressed.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant U.S. Attorney F. Franklin Amanat, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 14th Floor, Brooklyn, New York 11201.

13. This Court shall retain jurisdiction over this action to enforce compliance with all of the terms and conditions of this Consent Order of Forfeiture.

Dated: Brooklyn, New York
February 25, 2005

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201-2776

By: _____
F. FRANKLIN AMANAT (FA6147)
Assistant United States Attorney
(718) 254-6024

AGREED AND ACCEPTED BY:

_____
EVANGELOS GERASIMOU
Defendant

APPROVED BY:

SALVATORE J. MARINELLO, P.C.
55 Mineola Boulevard
Mineola, NY 11501

By: _____
SALVATORE J. MARINELLO
Attorney for Defendant
(516) 877-2270

Before me on this 3 th day of
MARCH, 2005, came Evangelos
GERASIMOU, known to me to be the person
who signed the foregoing document, and
he acknowledged to me that he signed it.

SALVATORE MARINELLO
Notary Public, State of New York
No. 30-4957996
Qualified in Nassau County
Commission Expires Oct. 30, 2005

NOTARY PUBLIC

My Commission Expires:

IT IS SO ORDERED at Brooklyn, New York, this 9 day of March, 2005.

_____
CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

A TRUE COPY ATTEST
DATED 3/9 2005
ROBERT C. HEINEMANN
BY _____ CLERK
DEPUTY CLERK